Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHELYN HOLMES, | Case No. '11CV1173 JM BGS |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| ALLSTATE FINANCIAL SERVICES, INC., a corporation; MICHAEL O'CONNOR, an individual, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III.  PARTIES

3.   Plaintiff, Ethelyn Holmes ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.   At all relevant times herein, Defendant, Allstate Financial Services, Inc. ("Defendant ALLSTATE") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant ALLSTATE regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5.   At all relevant times herein, Defendant, Michael O'Connor ("Defendant O'Connor") was owner of Defendant ALLSTATE.  As an officer, shareholder and/or director of Defendant ALLSTATE, Defendant O'Connor was responsible for the overall success of the company. Defendant O'Connor is a

"debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant ALLSTATE's business; as the owner of Defendant ALLSTATE, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through her involvement in Defendant ALLSTATE's affairs and Defendant O'Connor continued to play a key role in maintaining and expanding Defendant ALLSTATE's debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant ALLSTATE contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     In February 2011, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

8.     Defendant is attempting to collect an alleged debt that was incurred through a Gold's gym membership.

9.     In 2008, Plaintiff joined a gym membership, Fitzone program, on a month to month basis, without a yearly contract or cancellation fees.

10. When the Fitzone program was shut down, Plaintiff's membership was converted to a Gold's membership, maintaining a month to month payment.

11. Defendant falsely claimed that Plaintiff owed approximately $800 in monthly fees and cancellation charges, where no such charges should exist under Plaintiff membership plan.

12. Defendant used false and deceptive practice in connection with an attempt to collect an alleged debt, including but not limited to, failing to disclose the true identity of Defendant during a telephone communication.

13. On more than one occasion, Defendant failed to disclose that the communication was from a debt collector attempting to collect an alleged debt.

14. On more than one occasion, Defendant threatened further legal action against Plaintiff, for failure to pay an alleged debt.

15. On more than one occasion, Defendant threatened seizure and/or garnishment of Plaintiff's property or wages for failure to pay an alleged debt.

16. Defendant has failed to provide written notice within 5 days of the initial contact.

17. Defendant ALLSTATE's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

c) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

d) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

e) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

h) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a));

i) Falsely using a business, company or organization name other than the true name of Defendant's business, company or organization (§1692e(14));

j) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

k) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

l) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

m) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f)); and

n) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j).

18. Defendant O'Connor as owner of Defendant ALLSTATE is directly responsible for Defendant ALLSTATE's violations.

19. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;
    B.    Actual damages;
    C.    Statutory damages;
    D.    Costs and reasonable attorney's fees; and,
    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendant's conduct

      violated the RFDCPA;

  B.     Actual damages;

  C.     Statutory damages for willful and negligent violations;

  D.     Costs and reasonable attorney's fees,

  E.     For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 28th day of May, 2011.

          By: /s Todd M. Friedman
             Todd M. Friedman (216752)
             Law Offices of Todd M. Friedman, P.C.
             369 S. Doheny Dr. #415
             Beverly Hills, CA 90211
             Phone: 877 206-4741
             Fax: 866 633-0228
             tfriedman@attorneysforconsumers.com
             Attorney for Plaintiff

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ETHELYN HOLMES

## DEFENDANTS
ALLSTATE FINANCIAL SERVICES, INC.; and MICHAEL O'CONNOR, an individual

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211

Attorneys (If Known)

'11CV1173 JM   BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692
Brief description of cause:
Violation of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 05/28/2011
SIGNATURE OF ATTORNEY OF RECORD: /s Todd M. Friedman

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE